UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-278(3)(DSD/TNL)

United States of America,

       Plaintiff,

v.                                                          **AMENDED ORDER**

Ramon Rafael Alarcon,

       Defendant,

     Bradley M. Endicott, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, MN 55101, counsel for plaintiff.

     Ralph E. Meczyk, Esq. and Ralph E. Meczyk & Associates, 111 W. Washington, Suite 1025, Chicago, IL 60602, counsel for defendant.

This matter is before the court upon the objections by defendant Ramon Rafael Alarcon to the April 26, 2016, report and recommendation of Magistrate Judge Jeffrey J. Keyes. In his report, the magistrate judge recommends denying Alarcon's motion to quash the warrant and to suppress evidence. The magistrate judge concluded that there was probable cause to support the warrant and disagreed that the warrant was impermissibly extraterritorial. Alarcon timely objected.

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b). Following a careful review of the file, record, and proceedings herein, the court concludes that the well-reasoned report and recommendation correctly disposes of

defendant's motion.   With respect to probable cause, the court finds that the issuing court is owed substantial deference on review.   United States v. Hudspeth, 525 F.3d 667, 674 (8th Cir. 2008).   Nevertheless, the court has reviewed the search warrant affidavit and finds it sufficient to establish probable cause.[1] The court also concludes that the Minnesota court had authority to order the tracking of Alarcon's cell phone beyond Minnesota's borders.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    The R&R [ECF No. 191] is adopted in its entirety;

2.    The objections to the R&R [ECF No. 194] are overruled;

3.    The motion to quash warrant and suppress evidence [ECF No. 179] is denied; and

4.    The request for oral argument is denied.


Dated: May 11, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[1]   Even if probable cause were somehow lacking, the good-faith exception would apply.   See United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007)("Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant.").